*E-Filed 4/16/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QING-YOU WANG,<br><br>        Plaintiff,<br><br>v.<br><br>SILVER WING CHINESE RESTAURANT<br>and BONNIE SHIEH,<br><br>        Defendants.<br>_____/ | No. 5:05 CV 4119 RS<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>WITHOUT PREJUDICE |

THIS MATTER is before the Court on plaintiff Qing-You Wang's *ex parte* application for a temporary restraining order (TRO), filed April 13, 2009. For the reasons stated below, the application is denied without prejudice.

## I.  FACTUAL AND PROCEDURAL HISTORY

This is an action involving overtime pay under the Fair Labor Standards Act and the California Labor Code. Wang filed a complaint in October 2005 and an amended complaint in May 2006 against defendants Silver Wing Chinese Restaurant and Bonnie Shieh, the restaurant's owner. Following mediation, the parties entered into a binding settlement agreement. At that time, per the parties' stipulation, the Court dismissed the case but indicated that it would retain jurisdiction for the purpose of enforcing the settlement agreement. Stipulation and Order, filed September 5, 2006, at 2.

The settlement agreement called for defendants to pay Wang a total of $40,000, payable in installments as follows:  $14,000 on October 10, 2006; $13,000 on January 25, 2007; and $13,000 on April 10, 2007.  Memorandum of Points and Authorities in Support of Plaintiff's Motion to Enforce the Settlement Agreement, filed July 22, 2007, at 2.  According to Wang, defendants made none of these payments.[1]  Wang moved for relief in July 2007, and following defendants' failure to appear in opposition, the Court entered a judgment in favor of Wang for $40,000.  Order, filed August 29, 2007; Judgment, filed August 29, 2007.

By March 2009, Wang had still failed to satisfy his judgment against defendants, and he requested an order for appearance and examination regarding enforcement of judgment and judgment debtor.  The Court granted this request and issued the necessary order on April 6, 2009.

In the course of attempting to effect service of the Court's April 6, 2009, order on Shieh, Wang discovered an address which he believes is Shieh's current residence.  Wang now requests the Court to issue this TRO in advance of his attempt to serve her.  Specifically, Wang believes that Shieh has substantial liquid assets from the sale of her San Jose home,[2] and he requests the Court to restrain her from dissipating those assets and disappearing before he can satisfy his judgment.

## II.  STANDARD

Issuance of temporary restraining orders is governed by Federal Rule of Civil Procedure 65(b).  The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2)

---

[1] According to Wang, the Silver Wing Chinese Restaurant has closed, and Shieh has disappeared.  Defense counsel has indicated that he no longer represents either party.

[2] According to Wang, in October 2006, shortly after the first installment payment was due under the terms of the settlement agreement, Shieh sold her house in San Jose for $777,000.00.  As the mortgage owed on the house at the time was only $330,000.00, Wang calculates Shieh received over $400,000 in cash from this transaction.  Declaration of Adam Wang, filed April 13, 2009, at 2.

No. 5:05 CV 4119 RS
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

This jurisdiction has also enacted Civil Local Rule 65-1 to govern requests for, and issuance of, temporary restraining orders. That rule states, in pertinent part:

> (a) **Documentation Required.** An *ex parte* motion for a temporary restraining order must be accompanied by:
>
> > (1) A copy of the complaint;
> > (2) A separate memorandum of points and authorities in support of the motion;
> > (3) The proposed temporary restraining order; and
> > (4) Such other documents in support of the motion which the party wishes the Court to consider.
>
> (b) **Notice to Opposition of Ex Parte Motion.** Unless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.

Local Civil Rule 65-1(a) & (b).

### III. DISCUSSION

Assuming Shieh can indeed be located, Wang has made a good case under both prongs of *Roe* as to why he is entitled to a TRO. As to the first prong, there is little question Wang will succeed on the merits, since he is merely attempting to enforce a judgment entered by the undersigned more than 18 months ago. Moreover, the second prong of *Roe*—the risk of irreparable harm without a TRO—also weighs in Wang's favor. Shieh's past behavior in defying this Court's authority and violating the terms of the settlement agreement suggest that there is a risk that Wang's attempts to enforce his judgment will merely prompt Shieh to make another attempt to dodge her responsibilities and abscond.

Nonetheless, plaintiff's counsel's substantial failure to comply with the Federal Rules of Civil Procedure and the Civil Local Rules regarding TRO applications warrants further comment. As an

No. 5:05 CV 4119 RS
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

3

initial matter, counsel failed to provide the Court with a proposed TRO, as mandated in Civil Local Rule 65-1(a)(3). Secondly, counsel failed to provide notice to Shieh as mandated in Civil Local Rule 65-1(b). Nor did he specifically request an exemption from this notice obligation or provide any argument as to why "good cause" exists for such an exemption, in accordance with the narrow and rarely used exception in Rule 65-1(b).

Additionally, Federal Rule of Civil Procedure 65(c) states that this Court may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). As of this date, Wang has posted no such security. Instead, he requests the Court to waive the requirement of security altogether—a waiver which, under Rule 65(c)'s mandatory terms, the Court has no discretion to grant. Alternatively, Wang requests that his security bond be set at $400.00, or 1% of the judgment, an amount which even Wang himself concedes is "nominal." Wang is advised that the Court does not believe in this case that any bond less than 10% of the total judgment is adequate. Moreover, under Rule 65(c), the Court is powerless to issue any TRO whatsoever until the bond has been filed. *See* Civil Local Rule 65.1 (governing the filing of security bonds with the Court).

Finally, the specific requests for relief in Wang's TRO application far exceed the necessary scope of relief. He asks the Court to order Shieh to refrain from "concealing, transferring, dissipating, or causing to be concealed, transferred, or dissipated *all funds deposited in any account maintained*" in her name. He provides no argument, however, as to why it is necessary for the Court to freeze all of Shieh's liquid assets, rather than only the $40,000 which she owes Wang.

For these reasons, Wang's application for a temporary restraining order is hereby denied without prejudice. Wang may renew his application in compliance with this order and the local and federal rules of civil procedure.

No. 5:05 CV 4119 RS
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

4

1  IT IS SO ORDERED.

Dated: 4/16/09

_____
RICHARD SEEBORG
United States Magistrate Judge

No. 5:05 CV 4119 RS
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

5