*E-Filed 5/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QING-YOU WANG, | No. 5:05 CV 4119 RS |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | |
| SILVER WING CHINESE RESTAURANT and BONNIE SHIEH, | |
| Defendants. | |

THIS MATTER is before the Court on plaintiff Qing-You Wang's second *ex parte* application for a temporary restraining order (TRO), filed May 4, 2009.  For the reasons stated below, the application is granted.

This case's facts and procedural history, as well as the standard of review for applications for a TRO, were detailed by the Court in its Order of April 16, 2009 (hereinafter the 4/16/09 order), and are herein incorporated by reference.

## I. DISCUSSION

As the Court noted in the 4/16/09 Order, *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998), provides guidance as to when a TRO may issue, and Wang has made the requisite showing under both prongs of *Roe* to warrant the issuance of such temporary relief.  As to the first prong—likelihood of success on the merits— Wang's rights are unassailable, since he is merely

TEMPORARY RESTRAINING ORDER
CASE NO. 5:05 CV 4119 RS

attempting to enforce a judgment previously entered by this Court. As to the second prong—the risk of irreparable harm without a TRO—Shieh's past actions in defying this Court's authority and absconding without paying a single dollar of her judgment debt strongly indicate that temporary injunctive relief in the form of a partial asset freeze is the only way to prevent irreparable harm to Wang.

Moreover, at this time, Wang has satisfied the Court's earlier reservations, expressed in the 4/16/09 order, regarding the procedural deficiencies of his TRO application. Specifically, he agrees to post a bond in the amount of 10% of the total recovery and asks that the TRO be contingent upon his posting such a bond. Moreover, he concedes that the requested TRO should only prevent Shieh from dissipating those of her assets in which Wang has an interest, rather than *all* of her assets. Specifically, Wang posits that his original judgment debt of $40,000, compounded with interest and attorneys' fees, will amount to approximately $55,000, an amount which the Court deems to be a reasonable estimate for purposes of this TRO.[1]

Finally, the Court must address the *ex parte* nature of Wang's TRO application. Due to fundamental constitutional considerations, TROs are granted *ex parte* only on rare occasions. *See Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968) (observing that "[t]here is a place in our jurisprudence for *ex parte* issuance, without notice, of temporary restraining orders of short duration; but there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate"); *Sniadach v. Family Fin Corp. of Bay View*, 395 U.S. 337, 338-39 (1969) (discussing risks to due process posed by *ex parte* temporary injunctive relief). Courts in this district have not hesitated to deny requests for *ex parte* TROs when the applicant has failed to show that his case falls within the narrow exception recognized in Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b). *See, e.g.*, *Rosal v. First Fed. Bank of Calif.*, No. C 09-1276 PJH, 2009 WL 837570 (N.D. Cal. March 26,

---

[1] Of course, the precise amount which Shieh owes to Wang in the end may or may not be exactly $55,000. This number is merely an estimate which the Court will employ for purposes of calculating the necessary asset freeze imposed herein.

TEMPORARY RESTRAINING ORDER
CASE NO. 5:05 CV 4119 RS                    2

2009) (denying *ex parte* TRO application for failure to show good cause); *White v. United States*, No. C 07-03708 JSW, 2007 WL 2143019 (N.D. Cal. July 24, 2007) (same).  Only in the most critical of circumstances will district courts resort to such extraordinary relief.  *See, e.g.*, *Jenkins v. Jenkins*, No. 03-08-CV-037, 2008 WL 483312 (Feb. 19, 2008) (granting *ex parte* TRO because of high risk that respondent would abscond to Israel with petitioner's child if given advance notice).

In this case, Wang has made an adequate showing that good cause exists to issue this TRO *ex parte*.  As noted above, Shieh has a poor record of compliance with this Court's orders.  Additionally, Shieh's former counsel has indicated that he believes Shieh is planning to depart for Taiwan in the near future (presumably without satisfying Wang's judgment debt), if she has not in fact done so already.  Wang Declaration, filed May 4, 2009, at 2.  For these reasons, this case presents one of the rare instances in which an *ex parte* TRO is warranted, and the TRO may issue without notice to either defendant in this case.  *See United States v. Roth*, 912 F.2d 1131, 1132-33 (9th Cir. 1990) (in analogous criminal forfeiture case, approving *ex parte* TRO and later preliminary injunction issued by district court to freeze assets from sale of defendant's real estate, in an effort to prevent defendant from dissipating assets).

## II.  ORDER

IT IS, THEREFORE, ORDERED that defendants **BONNIE SHIEH** and **SILVER WING CHINESE RESTAURANT** are hereby enjoined from concealing, transferring, dissipating, or causing to be concealed, transferred, or dissipated, funds in an amount not to exceed **$55,000.00** in total, deposited in any account in the name of either defendant or in either defendant's control or custody.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall become effective upon the date of the filing of a security bond in the amount of **$5,500.00**, in accordance with Federal Rule of Civil Procedure 65(c) and Civil Local Rule 65.1.

IT IS FURTHER ORDERED that on **May 19, 2009, at 9:30 A.M.**, all parties to this case shall appear in Courtroom 4, 5th Floor, United States Courthouse, 280 South First Street, San Jose, California, and show cause why this Temporary Restraining Order should not be converted into a

TEMPORARY RESTRAINING ORDER
CASE NO. 5:05 CV 4119 RS                 3

1  preliminary injunction.  Absent further action by the Court, this Temporary Restraining Order will
2  expire on the date of the show cause hearing.
3      IT IS FURTHER ORDERED that, in accordance with Federal Rule of Civil Procedure
4  65(b)(1) and Civil Local Rule 65-1(b), and for the reasons stated above, good cause exists in this
5  case for issuance of this Temporary Restraining Order in an *ex parte* manner.

7      IT IS SO ORDERED.

Dated:      5/6/09
Time:       5:00 PM

_____
RICHARD SEEBORG
United States Magistrate Judge

TEMPORARY RESTRAINING ORDER
CASE NO. 5:05 CV 4119 RS