**United States District Court**
For the Northern District of California

*E-Filed 5/26/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QING-YOU WANG,

        Plaintiff,

v.

SILVER WING CHINESE RESTAURANT
and BONNIE SHIEH,

        Defendants.
_____/

No. 5:05 CV 4119 RS

ORDER AUTHORIZING SUBPOENA
FOR JUDGMENT DEBTOR'S
CONSUMER CREDIT REPORT

THIS MATTER is before the Court on plaintiff Qing-You Wang's motion for an order authorizing a subpoena of defendant Bonnie Shieh's consumer credit report, filed April 13, 2009. For the reasons stated below, the motion is granted.

The instant motion is part of Wang's ongoing effort to enforce a judgment against Shieh and her business, Silver Wing Chinese Restaurant, which the Court entered on August 29, 2007. Shieh has thus far made no payments on the original judgment debt of $40,000, an amount on which the parties originally agreed in the course of settlement proceedings. Shieh's attorney has indicated that Shieh does not oppose Wang's motion for subpoena. In light of Shieh's non-opposition, this matter is being decided on the pleadings and is not currently calendared for oral argument.

Generally, in order to be enforceable, subpoenas of consumer credit information must be backed by a court order. 15 U.S.C. § 1681b(a) "[A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . In response to the order of a

court having jurisdiction to issue such an order."); *In re Gren*, 633 F.2d 825, 828-29 (9th Cir. 1980). "In the limited instances where courts have allowed parties to obtain consumer reports pursuant to § 1681b(3)(E) for use in litigation, the legal dispute typically has related to the collection of a debt owed by the consumer." *Duncan v. Handmaker*, 149 F.3d 424, 428 (6th Cir. 1998).

In this case, there is no question that Shieh owes a debt to Wang. Wang describes his need for the credit report as follows: "Plaintiff recently obtained the search report that Bonnie Shieh does not currently maintain any active bank account with any balance. . . . Plaintiff believes that the credit reports as requested by Plaintiff would be critical for Plaintiff to be able to track down proceeds from the sale[ ] of Mrs. Shieh's house." Status Report, filed May 21, 2009, at 2. In light of this argument and the non-opposition of Shieh herself to Wang's motion for subpoena, the motion for subpoena is granted. This order pertains only to the subpoena directed at "Able Screening Services and Any Credit Reporting Agency As May Be Specified By Plaintiff," attached as Exhibit 1 to Plaintiff's Motion for an Order Authorizing Subpoena for Judgment Debtor's Consumer Credit Report.

IT IS SO ORDERED.

Dated:   5/26/09

_____
RICHARD SEEBORG
United States Magistrate Judge

2